UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KERI A. KOELLMAN,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | No. CV-09-261-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on July 23, 2010 (Ct. Rec. 9, 11). Attorney Gary Penar represents plaintiff; Special Assistant United States Attorney Leisa Wolf represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge (Ct. Rec. 3). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 11) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 9).

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) and supplemental security income (SSI) on February 17, 2006, alleging disability since July 1, 1995 due to asthma, chronic obstructive pulmonary disease (COPD), a learning disability, and depression (Tr. 35, 68-70, 136, 828-830). Her

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1 -

applications were denied initially and on reconsideration (Tr. 33-34, 37-39, 826-826, 833-836).

Administrative Law Judge (ALJ) Hayward C. Reed held a hearing on May 28, 2008. Plaintiff, represented by counsel, psychologist Allen Bostwick, Ph.D., and vocational expert Sharon Welter testified (Tr. 840-886). The ALJ found plaintiff was insured for DIB purposes through March 31, 2004 (Tr. 12,14). In his September 4, 2008, decision he found although plaintiff could not perform past work, there are other jobs she can perform. The ALJ found plaintiff is not disabled as defined by the Act (Tr. 22). On June 26, 2009, the Appeals Council denied review (Tr. 3-5). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on August 26, 2009 (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both parties, and are summarized here.

Ms. Koellman was 22 years old on the alleged date of onset (Tr. 14). She graduated from high school, attended a year of college, and became a certified nurse's aid in 1992 (Tr. 121, 145, 360, 866). In April of 2006 (less than two months after applying for benefits), plaintiff lived with friends (Tr. 104). Daily activities included watching television, caring for a pet, cooking once a week, vacuuming, washing dishes, shopping, playing computer games, chatting online, and going out with friends (Tr. 104-108).

Plaintiff has worked a house cleaner, telephone solicitor,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                     - 2 -

and fast food worker (Tr. 88, 98, 333, 867-868). At the time of the hearing she lived with her cousin who helps with money management. Plaintiff helps with cooking and washing dishes (Tr. 871). She cannot walk more than a block and becomes short of breath walking upstairs at home. Ms. Koellman can sit 15-20 minutes and cannot stand for long periods. She uses a nebulizer four times daily, and suffers depression (Tr. 75, 109-110, 868, 870, 872).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are

denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits.

*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the

[Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At the onset the ALJ found plaintiff was insured through March 31, 2004 with respect to her DIB claim (Tr. 12, 14). At step one, the ALJ found plaintiff did not engage in substantial gainful activity after onset on July 1, 1995 (Tr. 14). At steps two and three, ALJ Reed found plaintiff suffers from asthma, COPD, degenerative arthritis in her right knee, and a learning disorder (arithmetic), impairments that are severe but which do not alone

or combination meet or medically equal a Listed impairment (Tr. 14, 17). The ALJ found plaintiff less than completely credible (Tr. 20-21). Relying on the VE, the ALJ found at step four plaintiff cannot perform her past work (Tr. 22, 880). At step five, again relying on the VE, the ALJ found she could perform other jobs such as production assembler positions (Tr. 22, 880). Because the ALJ found Ms. Koellman could perform other work, she is not disabled as defined by the Social Security Act (Tr. 23). While there is evidence of substance abuse in the record, the ALJ's determination plaintiff is not disabled meant he was not required to determine if DAA materially contributes to the disability determination. See *Ball v. Massanari*, 254 F.3d 817 (9th Cir. 2001).

**ISSUES**

Plaintiff alleges the ALJ erred when he (1) weighed the opinion evidence, particularly that of Dr. Ridgeway; (2) assessed credibility; and (3) failed to clarify whether the VE's testimony is consistent with the DOT (Ct. Rec. 10 at 28-42). The Commissioner answers the Court should affirm the decision because it is supported by the evidence and free of error (Ct. Rec. 12 at 13).

**DISCUSSION**

**A. Standards for weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                      - 7 -

on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and

testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Weighing opinions and credibility**

Plaintiff alleges the ALJ erred when he weighed the opinions of examining psychologist Pamela Ridgeway, Ph.D., assessed credibility, and relied on the VE's testimony.

The ALJ considered both of Dr. Ridgeway's contradicted opinions (Tr. 16, 21, referring to Tr. 360-367 and 792-794). At the first exam in July 2006, plaintiff stated she quit her job as a certified nurse's aide after two years. Records show however plaintiff was released from this job because she was not fast enough carrying out her duties, as Dr. Ridgeway observes (Tr. 360). Ms. Koellman attended two or three quarters of community college. She received a year of outpatient mental health treatment a year and half ago and is not currently receiving mental health services. She denied substance abuse. Plaintiff has a driver's licence and prefers to walk or take the bus. She watches television, washes dishes and does laundry. She lives with a cousin who helps with money management and does all the cooking and shopping. Dr. Ridgeway notes plaintiff previously failed to appear for her scheduled exam (Tr. 361, 367).

Dr. Ridgeway diagnosed a learning disorder NOS, ADHD NOS, and an adjustment disorder with depressed mood. She assessed a GAF of 55-60 indicating moderate symptoms or difficulties (Tr. 362). She opined plaintiff suffers marked limitations in the ability to exercise judgment and make decisions, relate appropriately to

coworkers and supervisors, and respond appropriately to and tolerate the pressures of a normal work place (Tr. 366).

She opined plaintiff's ability understand, remember and follow complex instructions, perform routine tasks, interact appropriately in public contacts, and maintain appropriate behavior are all moderately limited (Tr. 365-366).

Dr. Ridgeway examined plaintiff a year later, on July 10, 2007, again for DSHS (Tr. 788-794). Plaintiff made a second attempt to work at McDonald's "was fired for being too slow." She worked part-time at a carnival and makes candles at home to sell to friends (Tr. 792-793). She is divorced and her young son lives with Ms. Koellman's parents (Tr. 794). Plaintiff lives with a friend and the friend's family. She appeared somewhat unkempt and chewed and spat tobacco during the evaluation. Plaintiff suffers from asthma, COPD, migraines and what she says is a brain tumor. She cannot access mental treatment due to inadequate health insurance. She had a driver's license at one time but not currently (Tr. 793).

In addition to the same limitations previously assessed, Dr. Ridgeway opined plaintiff's ability to care for herself, including personal hygiene and appearance, is moderately limited (Tr. 790). Dr. Ridgeway opined treatment, including medication and counseling, would likely restore or substantially improve plaintiff's ability to work (Tr. 791). She diagnosed ADHD and a learning disorder (both NOS) as before. Instead of an adjustment disorder with depressed mood, she diagnosed anxiety disorder NOS (*cf.* Tr. 362 *with* Tr. 794) and assessed a GAF of 50. Dr. Ridgeway opined plaintiff would probably require supported employment to

succeed in a work-like setting (Tr. 794), an opinion Ms. Koellman argues the ALJ should have accepted.

The ALJ rejected Dr. Ridgeway's opinions because they are brief, conclusory, and in check box form without significant explanation of the basis for the conclusions reached. Second, the ALJ points out the definition of a marked impairment in the DSHS form used by Dr. Ridgeway differs from the SSA's definition (Tr. 21).

ALJ Reed is correct. Dr. Ridgeway's initial assessed GAF of 55 to 60 indicates moderate symptoms or difficulties in functioning. At the same time, she opines plaintiff is markedly limited in three areas of functioning, and moderately limited in three more, including the ability to perform routine tasks. There is no explanation for the inconsistency, nor of the basis for Dr. Ridgeway's conclusion Ms. Koellman is markedly limited in three areas. This is a specific, legitimate reason to discount Dr. Ridgeway's opinion. *See Crane v. Shalala*, 76 F.3d 252, 253-254 (9th Cir. 1991)(check off reports with no explanation for bases of conclusions permissibly rejected).

The ALJ considered the opinion of the testifying psychologist, Dr. Bostwick, who (like examining psychologist Frank Rosenkrans, Ph.D.), opined testing is inconsistent with a diagnosis of ADHD (Tr. 848-849, 853, 857-858, 860, referring in part to Tr. 797). Dr. Bostwick notes plaintiff has never been prescribed medication for ADHD (Tr. 849). He notes Dr. Rosenkrans diagnosed a somatoform disorder but two tests in 2001 revealed no somatoform tendencies (Tr. 849-851). He disagrees with Dr. Rosenkrans' diagnosis of borderline personality disorder because

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 11 -

these conditions are enduring and would have been reflected in Dr. Forsyth's testing in 2001 and elsewhere in the record if accurate (Tr. 851). Dr. Bostwick saw isolated episodes of drug seeking behavior in the record but disagrees with Dr. Rosenkrans's diagnosed opioid abuse because treating physicians have not opined plaintiff abuses opiates (Tr. 851-852).

Dr. Bostwick observes Dr. Ridgeway's diagnoses of adjustment disorders under 12.04 are not consistently reflected in the record. This is unsurprising though, since by definition, these conditions typically last less than six months (Tr. 849, 852), a duration insufficient to establish disability. He notes Dr. Ridgeway's diagnosis after her second evaluation, of an anxiety disorder NOS with elements of social phobia, is unsupported by her own testing and plaintiff's self-report (Tr. 857, 862-863). Dr. Bostwick opined plaintiff's only severe impairment is her learning disability with arithmetic (12.05 disorder) (Tr. 853). There is no evidence of any severe cognitive problem (Tr. 852). The ALJ observes Dr. Bostwick opined plaintiff functions in the low average range of intelligence and her ability to obtain and maintain employment should not be affected at all by the arithmetic learning disorder (Tr. 21, referring to Tr. 854-855, 864).

To aid in weighing the conflicting medical evidence, the ALJ assessed plaintiff's credibility (Tr. 20-21). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir.

2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715,722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821,834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915,918 (9th Cir. 1993).

The ALJ gave clear and convincing reasons for his credibility assessment. Some include (1) drug seeking behavior; (2) noncompliance with medical treatment; (3) testimony inconsistent with treatment records; and (4) activities inconsistent with claimed limitations (Tr. 20-21).

In August of 2007, ER records show plaintiff's visit is consistent with drug seeking behavior, as the ALJ observes (Tr. 20; Exhibit 2F/43). Drug seeking behavior is a well recognized reason to discount credibility. *See Edlund v. Massanari*, 253 F.3d 1152, 1157-1158 (9th Cir. 2001).

The ALJ relied on plaintiff's failure to comply with medical treatment, including medication compliance (Tr. 20). Failing to

follow medical treatment impairs credibility. *See Fair v. Bowen,* 885 F.2d 597,603 (9th Cir. 1989); *Thomas v. Barnhart*, 278 F.3d 947,958-959 (9th Cir. 2002).

The ALJ notes plaintiff's testimony she "gets winded going up stairs" and has very limited daily activities is inconsistent with medical records showing swimming in July 2005 and July 2006, as well as hiking in July 2007 (Tr. 20; 455; 652). Inconsistencies between a claimant's testimony and conduct, and activities inconsistent with claimed limitations, are properly considered when weighing credibility. *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

Each reason is clear, convincing and supported by substantial evidence. *See Thomas,* 278 F.3d at 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). While an ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence, it is a proper factor to consider. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)(en banc). As Dr. Rosenkrans accurately points out, plaintiff visited the ER many times with vague pain complaints unsupported by any objective medical evidence (Tr. 797), a factor the ALJ also appropriately considered.

An ALJ properly rejects the opinion of a treating or examining doctor if it is contradicted by another doctor's opinion by providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211,1216 (9th

1 Cir. 2005).

2 The ALJ properly weighed the conflicting evidence and
3 assessed credibility. His reasons for rejecting some contradicted
4 opinions are specific, legitimate and supported by substantial
5 evidence. He accepted treating source Erin Coppin, PAC's March
6 2006 opinion plaintiff is able to perform sedentary work (Tr.
7 409). *See Lester v. Chater*, 81 F.3d at 830-831 (holding that the
8 ALJ must make findings setting forth specific, legitimate reasons
9 for rejecting the treating physician's contradicted opinion).

10 Plaintiff alleges the ALJ failed to properly consider obesity
11 when he assessed her RFC. Contrary to Ms. Koellman's argument, the
12 ALJ observes on July 28, 2007, plaintiff reported pain after
13 hiking down a mountain (Tr. 15; Exhibit 2F/39-40). He points out
14 on August 9, 2007 (less than two weeks later), plaintiff "was
15 noted to be morbidly obese," indicating the ALJ acknowledged
16 plaintiff's obesity but found it plainly not limiting since she
17 was able to hike down a mountain, among other activities.

18 The trier of fact, and not the reviewing court, must resolve
19 conflicts in the evidence and, if the evidence can support either
20 outcome, the court may not substitute its judgment for that of the
21 ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992);
22 *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

23 **C. VE's testimony**

24 Plaintiff alleges the ALJ failed to ask the VE if her
25 testimony was consistent with the DOT (Ct. Rec. 10 at 40-43). The
26 Commissioner points out clarification is required only when an
27 apparent conflict between the VE's testimony and the DOT exists
28 (Ct. Rec. 12 at 11-12), a situation not presented in this case.

The Commissioner is correct. *See Johnson v. Shalala*, 60 F.3d 1428, 1435-1436 (9th Cir. 1995).

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 11)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 9)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 16th day of August, 2010.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE